UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL J KEARNEY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN D SNAZA, et al.,<br><br>　　　　　　Defendants. | CASE NO. C13-5383 RJB-JRC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

　　　　The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge, J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

　　　　Plaintiff asks the Court to appoint counsel to represent him in this matter (ECF No. 6). The Court declines to appoint counsel because plaintiff has been able to properly place his claim before the Court (ECF No. 5). Further, plaintiff has made no showing that he is likely to succeed on the merits.

　　　　Plaintiff complains that he has very limited access to the County Jail's Law Library and that the library has only state materials (ECF No. 6). In a letter attached to his motion, plaintiff

states that if the Court would accept state citations then his motion to appoint counsel is not necessary (ECF No. 6, Attached letter to former deputy clerk Janet Thornton). Plaintiff also sent two letters to the clerk's office regarding appointment of counsel that the Court has considered (ECF No. 21 and 22).

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court can request counsel to represent a party, 28 U.S.C. § 1915(e)(1), the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires the Court to evaluate both the likelihood of success on the merits and the ability of plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff has demonstrated an ability to articulate his claims and alleges violation of his constitutional rights to access to courts relating to his civil forfeiture proceedings. Further, plaintiff has not yet shown a likelihood that he will succeed in this action. The Court will consider any proper and relevant citation to authority, state or federal, that plaintiff places before the Court, but appointment of counsel is not warranted at this time.

Plaintiff's motion is denied without prejudice, which means that plaintiff can renew this motion in the future if he feels he can meet the legal and factual standard set forth above.

Dated this 3rd day of July, 2013.

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL - 2