1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10  DANIEL J. KEARNEY,

11                    Plaintiff,

12          v.

13  JOHN D SNAZA et al.,

14                    Defendant.

CASE NO. C13-5383 RJB-JRC

ORDER ON MULTIPLE PLEADINGS
RECEIVED AUGUST 7, 2013

15          The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

16  Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. §

17  636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

18          Mr. Kearney, who is plaintiff in this action, and Mr. Barton, who is plaintiff in C 13-

19  5382BHS/KLS, have filed a number of motions/notices as joint or consolidated pleadings. The

20  Court has filed one of these motions "notice consolidating plaintiff's outgoing legal mail

21  impedment [sic] barrier."

22          The Court will consider this motion as a motion to consolidate the two actions. That

23  motion is noted to be heard by the Court on August 23, 2013. The Court orders the Clerk's

24

1   Office to return the remaining pleadings to  plaintiff in this action, Mr. Kearney, as the envelope

2   sending the pleadings bears his name and return address.

3        The Court is returning the pleadings because the actions have not been consolidated, and

4   plaintiff's joint filing is improper for the reasons that are outlined below.

5        Plaintiffs have filed a letter directing the Clerk of Court to file certain exhibits under a

6   "confidential seal." T he Court expects a party wishing to file a sealed document to comply with

7   Local Rule 5(g), which states that there is a strong presumption of public access to the court's

8   files. This rule applies in all instances where a party seeks to overcome the presumption by filing

9   a document under seal.  Plaintiff needs to comply with the Court's Local Rules in order to bring

10  a motion to seal a document before the Court.  By way of guidance to plaintiff, Local Rule

11  5(g)(2)and (3) provides, in part:

12     A party may file a document under seal in only two circumstances:

13        (A) if a statute, rule, or prior court order expressly authorizes the party to file
14            the document under seal; or

15        (B) if the party files a motion or stipulated motion to seal the document before
            or at the same time the party files the sealed document.  Filing a motion or
16            stipulated motion to seal permits the party to file the document under seal
            without prior court approval pending the court's ruling on the motion to
17            seal.  The document will be kept under seal until the court determines
            whether it should remain sealed.
18
19     A party filing a document under seal shall prominently mark its first page with the
       phrase "FILED UNDER SEAL."

20     (3) A motion to seal a document, even if it is a stipulated motion, must include the
       following:
21
22        (A) a certification that the party has met and conferred with all other parties in
            an attempt to reach agreement on the need to file the document under seal, to
            minimize the amount of material filed under seal, and to explore redaction and
23            other alternatives to filing under seal; this certification must list the date,
            manner, and participants of the conference;
24

ORDER ON MULTIPLE PLEADINGS RECEIVED
AUGUST 7, 2013 - 2

(B) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary.

Plaintiff's attempt to file letters he claims are covered by the client-attorney privilege and at the same time invoke the client-attorney privilege is improper.

Plaintiffs have also filed a number of motions that are mislabeled as "notices." The Court conducts normal business in a case by motion practice. If a plaintiff wishes the Court to take any action in his case, then he must file a motion that is properly brought to the Court's attention by labeling it as a motion. The motion must be properly noted for hearing. *See* Local Rule 7(d)(1)(3) and (7). Finally, plaintiff must serve a copy of the motion on opposing counsel. Plaintiffs' attempts to file notices that are actually *ex parte* motions are improper and the Court orders the return of the filing.

In addition, plaintiffs are attempting to file written questions for defendants to answer. If plaintiffs wish to propound interrogatories on a defendant they need to send that discovery directly to defendants' counsel. Plaintiffs mislabeled their filing as a written deposition. A written deposition is a deposition where a court reporter, or other authorized court officer, swears in the person being deposed and then formally asks them written questions and records the deponent's sworn testimony. *See*, Fed. R. Civ. P. 31. Further, discovery is not filed with the Court unless it is being used in the proceeding. *See*, Fed. R. Civ. P. 5(d)(1).

For these reasons the Court declines to file the documents received August 7, 2013, and orders the Clerk's office to return this filing to plaintiff.

Dated this 14th day of August, 2013.

J. Richard Creatura
United States Magistrate Judge